Willet Watkins v. Commissioner. Nancy Watkins v. Commissioner. Betty Watkins v. Commissioner. Mississippi Valley Trust Company and Ruth H. Watkins, Trustees and Transferees, v. Commissioner.
Watkins v. Commissioner
Docket Nos. 109947, 109948, 109950, and 109949.
United States Tax Court
1943 Tax Ct. Memo LEXIS 256; 2 T.C.M. (CCH) 254; T.C.M. (RIA) 43282; June 10, 1943
*256 On the facts, held: that certain gifts in trust were gifts of future interests; and that the beneficiaries in the trust are liable, as transferees, for the gift tax due and unpaid by the donors, as are likewise the trustees in the trust. Stanley S. Waite, Esq., 408 Pine St., St. Louis, Mo., for the petitioners. Carroll Walker, Esq., for the respondent. TYSON Memorandum Findings of Fact and Opinion Respondent determined deficiencies in gift tax for the year 1937 as follows: Docket
Petitioner
No.
Liability
Willet Watkins, as benefici-
ary and transferee
109947
$1,425.00
Nancy Watkins, as beneficiary
and transferee
109948
1,425.00
Betty Watkins, as beneficiary
and transferee
109950
1,425.00
Mississippi Valley Trust Com-
pany and Ruth H. Watkins,
as trustees and transferees
109949
1,425.00
Petitioner in each proceeding alleges that respondent erred: (1) in refusing to allow that the statute of limitations bars collection of the gift taxes involved; (2) in (a) denying exclusion of $15,000 based on the assertion that gifts made in 1937 by Horton Watkins were of future interests, and (b) in denying exclusion of $5,000 based on the assertion that the payment *257 of certain insurance premiums by Ruth H. Watkins in 1937 was a gift of future interest; and (3) in determining that petitioner is liable for gift tax as transferee. In their pleadings the parties are in agreement that the assessment and collection of any deficiency in gift tax against either Horton or Ruth H. Watkins for 1937 is barred by the statute of limitations. The proceedings have been consolidated and submitted upon the pleadings and a stipulation of facts. The stipulated facts not set forth are included herein by reference. Findings of Fact All of the petitioners, except Mississippi Valley Trust Company, reside in the County of St. Louis, Missouri. The Mississippi Valley Trust Company is a Missouri corporation with its principal place of business in the City of St. Louis, Missouri. The gift tax returns referred to hereafter were filed with the collector of internal revenue for the First District of Missouri. Horton Watkins and Ruth H. Watkins are husband and wife and the parents of Nancy, Betty, and Willet Watkins during the taxable year, Nancy, Betty, and Willet Watkins were sixteen, thirteen, and eleven years of age, respectively. On January 5, 1937, Horton Watkins *258 made an irrevocable transfer to Mississippi Valley Trust Company and Ruth H. Watkins, as trustees, of all his right, title, interest, and estate in and to certain insurance policies on his life aggregating $316,000 and having a total gross value on the date of transfer of $107,205.90. The trust estate was to be divided after the death of Horton Watkins into equal shares, one for each of his three above-mentioned children. The trust instrument under which this transfer was made was executed by Horton Watkins and the two trustees. The trust instrument provided, inter alia, that "Prior to the death of Horton Watkins the income of the trust estate shall be accumulated and added to the principal thereof"; and thereafter the trustees were to apply "so much of the net income of the respective shares of the children of Grantor as they may deem necessary for their proper education, care, comfort and support until they attain the age of twenty-one (21) years respectively, after which time the net income from their respective shares shall be paid to them direct during the further continuance of their respective trusts". The trust instrument further provided that after the death of Horton *259 Watkins the shares of the three children were to be distributed as follows: When the three children respectively reached the age of twenty-five years they should each receive a one-third part of their respective shares of the trust estate; that when they respectively reached the age of thirty years they should each receive one-half of the property then constituting their respective shares of the trust estate; and that when they respectively reached the age of thirty-five, they should each receive the residue of their respective shares of the trust estate. The preamble to the trust instrument signed by Ruth H. Watkins as a party thereto recited that she desired the insurance policies to be transferred by Horton Watkins in trust for the benefit of the three children and expressed her willingness, if this was done, to pay all future premiums on the policies. During the year 1937 Horton Watkins made charitable gifts in the amount of $18,350. On March 14, 1938, Horton Watkins filed a gift tax return for the year 1937 reporting the gift of insurance policies referred to in the preceding paragraph and claimed three exclusions of $5,000 each therefor. The amount of taxes as shown on that *260 return to be due was paid by Horton Watkins. Respondent in his notices of transferee liability, each dated December 31, 1941, disallowed the exclusions with respect to each gift on the ground that the gifts in trust were of future interests and determined a liability of $1,350 against the petitioners as transferees for the gift tax liability of Horton Watkins. During the year 1937 Ruth H. Watkins made gross gifts of $26,047.18 by: (1) paying premiums of $13,236.80 on the policies of life insurance transferred by Horton Watkins to the trust; (2) paying premiums of $6,714.61 on life insurance policies payable to Nancy Watkins; and (3) paying premiums of $6,095.77 on policies of life insurance payable to Betty Watkins. During 1937 she made a charitable gift of $6,000. On March 14, 1938, Ruth H. Watkins filed a gift tax return for the year 1937 reporting these gifts and claimed three exclusions of $5,000 each. Respondent in his notices of transferee liability, each dated December 31, 1941, disallowed one $5,000 exclusion on the ground that payment of premiums on the insurance policies held in trust was a gift of future interest. Respondent determined a liability of $75 against the petitioners *261 as transferees for the gift tax liability of Ruth H. Watkins. Both Horton Watkins and Ruth H. Watkins were solvent before and after the abovementioned gift and were able to pay the deficiencies determined against the petitioners. No part of the deficiencies for 1937 has been paid, and the statute of limitations bars it assessment and collection as against the donors. The value of the interest in the gift in trust received by each petitioner was at the time it was received in excess of the amount of the deficiency determined against that petitioner. Opinion TYSON, Judge: The first issue raised by the petition presents the question of whether the statute of limitations bars collection of the gift taxes here involved from the petitioners as transferees. On March 14, 1938, Horton Watkins, as donor of the insurance policies, and Ruth H. Watkins, as donor of the gift represented by her payment of premiums on these policies, each filed a gift tax return for 1937. The three year period (section 517 (a), Revenue Act of 1932, applicable here) within which a deficiency could be determined against these donors expired March 13, 1941. On December 31, 1941, respondent determined a deficiency *262 against each of the petitioners, as transferees, for the gift tax duc from the respective donors. Section 526 (b) (1) of the Revenue Act of 1932, also applicable here, provides that assessment of liability against a transferee may be made "within one year after the expiration of the period of limitation for assessment against the donor". It is therefore clear that the statute of limitations does not bar the assessment and collection of the gift tax here involved from petitioners, or either of them, as transferees if they are otherwise liable therefor, and we so hold. The second issue raised by the petition presents the question of whether the gifts involved were gifts of future or present interests within the meaning of section 504 (b) of the Revenue Act of 1932. [1] If the gifts were of future interests the donor was not entitled, under that section, to the exclusions claimed by petitioners. *263 Under the terms of the trust instrument the income was to be accumulated and added to the corpus prior to the death of the insured and, thereafter, until the beneficiaries were 21 years old. The trustees had the discretion of determining the extent to which the income was to be used for the benefit of the beneficiaries. In no event could any beneficiary acquire any part of the corpus until he or she had attained the age of 21 years. The record discloses that during the taxable year the oldest beneficiary was 16 years of age. Accordingly we hold the gift of the insurance policies to be one of a future interest. ; ; and . See also ; ; ; ; ; *264 and . Likewise we hold that the payments of the premiums by Ruth H. Watkins on the insurance policies held in trust were gifts of future interests. ; The third issue raised by the petition presents the question of whether petitioners, or any of them, are liable for the gift tax liability of the donors of the gifts. The petitioners contend that section 510 of the Revenue Act of 1932, [2] applicable to the taxable year 1937, here involved, does not impose a liability at law on either of them and that consequently there could be no liability of either, since the donors are shown to be solvent, and, moreover, the statute of limitations bars assessment and collection of the tax as against the donors. The contentions of petitioners as to their liability at law and as to the solvency of the donors are conclusively answered against the petitioners by the discussions and decisions in , and ; and *265 their contention as to the effect of the statute of limitations barring assessment and collection of the tax from the donors likewise is answered in In this connection it is to be noted that Willet Watkins, Nancy Watkins, and Betty Watkins, petitioners in Docket Nos. 109947, 109948, and 109950, being the beneficiaries in the trust, were donors, , and thus occupy the same status, in that particular, as that occupied by the donee in the Moore case. On the authority of the Evelyn N. Moore and Fletcher Trust Co., Trustee, cases, above cited, we hold that the Mississippi Valley Trust Company and Ruth H. Watkins are liable as trustees and transferees for the deficiencies determined against them as such by the respondent; and that Willet Watkins, Nancy Watkins, and Betty Watkins, respectively, are each liable for the gift tax deficiency determined by the respondent against each of them respectively as donee and transferee.
*266 Respondent in his answer to each petition alleged that each petitioner received "money, property and effects in excess of the amount of the deficiency determined against the said Horton Watkins". Each petitioner in reply to this allegation "denies that as such beneficiary he [or she] received money, property or effects in any amount whatsoever". Neither of the petitioners on brief or otherwise argues or contends that the value of the property received by each was not in excess of the amount of the deficiency determined against each by the respondent. It would seem that failure of the replies of petitioners to specifically deny the amount of the property to be as affirmatively alleged in the answer constitutes an admission that it was of such amount and that the failure of petitioners to make any argument or contention that the value of the property received by each was not in excess of the amount of the deficiency determined against each constitutes a waiver on this question. But however this may be, we have found as a fact that the value of the property received by each petitioner, exceeded the amount of the deficiencies involved and, from the facts of record, we so hold. The *267 determination of the respondent in each docket number is approved. Decisions will be entered for the respondent. Footnotes
1. SEC. 504. NET GIFTS. (b) Gifts Less Than $5,000. - In the case of gifts (other than of future interests in property) made to any person by the donor during the calendar year, the first $5,000 of such gifts to such person shall not, for the purposes of subsection (a), be included in the total amount of gifts made during such year.↩
2. SEC. 510. LIEN FOR TAX. The tax imposed by this title shall be a lien upon all gifts made during the calendar year, for ten years from the time the gifts are made. If the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of the value of such gifts. * * *↩